UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRACEY LIU and ANGELA NEFF,<br><br>  Plaintiffs,<br><br>  v.<br><br>LASERAWAY MEDICAL GROUP, INC.,<br><br>  Defendant. | No. 2:24-cv-759<br><br>NOTICE OF REMOVAL |

**TO: THE CLERK OF COURT FOR THE U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON**

**AND: PLAINTIFFS AND THEIR ATTORNEYS OF RECORD**

Defendant LaserAway Medical Group, Inc. ("LaserAway") removes the above-captioned action from the Superior Court of the State of Washington in and for King County to the U.S. District Court for the Western District of Washington, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. Removal is appropriate for two independent reasons: (i) diversity jurisdiction because of the complete diversity of citizenship between the parties and (ii) jurisdiction is also proper under the Class Action Fairness Act ("CAFA").

NOTICE OF REMOVAL – 1
(No. 2:24-cv-759)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## I.   PROCEDURAL BACKGROUND

1. On April 25, 2024, Plaintiffs Tracey Liu and Angela Neff filed a putative class action complaint in the Superior Court of Washington, King County, captioned *Tracey Liu & Angela Neff v. LaserAway Medical Group, Inc.*, No. 24-2-09219-6 SEA. A true and correct copy of the Complaint is attached as **Exhibit A**.

2. Plaintiffs allege LaserAway violated Washington's Commercial Electronic Mail Act ("CEMA") and Washington's Consumer Protection Act ("CPA") when it sent marketing emails to Washington residents with allegedly false and misleading subject lines. Compl. ¶ 5. Plaintiffs seek statutory and exemplary damages, injunctive relief, attorneys' fees, and costs. Compl. ¶ 7.

3. Plaintiffs served the Complaint on LaserAway via process server on May 3, 2024. Ex. A. Because this Notice is filed within 30 days of that service, it is timely under 28 U.S.C. §§ 1446(b) and 1453. Venue is proper pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

## II.   DIVERSITY JURISDICTION

4. This is a civil action over which this Court has jurisdiction under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000 for each named Plaintiff, exclusive of interest and costs.

5. Plaintiffs are Washington residents. Compl. ¶¶ 8-9. LaserAway is a California corporation with its principal place of business in California. Compl. ¶ 10. The diversity requirement under 28 U.S.C. § 1332(a) is therefore met.

6. Based on the allegations in the Complaint, the amount in controversy exceeds $75,000.[1] Statutory damages for CEMA violations are the greater of $500 or actual damages. RCW 19.190.040. Plaintiffs allege they have each received "over 200 marketing emails" in violation of

---

[1] Under Ninth Circuit precedent, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [the defendant's] liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Here, LaserAway refers to specific damages estimates to establish that the amount in controversy exceeds the jurisdictional minimum. LaserAway's Notice of Removal addresses the nature and amount of damages that the Complaint places in controversy. It is not an admission of liability or suggestion that Plaintiffs could recover any damages, but simply reflects the amount Plaintiffs' Complaint asserts to be in controversy.

NOTICE OF REMOVAL – 2
(No. 2:24-cv-759)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

the statute. Compl. ¶¶ 80, 89. Plaintiffs further allege that they "have sustained damages, including $500 in statutory damages for each and every email that violates the CEMA." Compl. ¶ 120. Plaintiffs' Complaint does not specify the amount in controversy, thus LaserAway need only show by a preponderance of evidence that more than $75,000 is in controversy. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Under the theory in Plaintiffs' Complaint, that each of the "over" 200 emails they purportedly received warrants $500 in statutory damages, each of the Plaintiffs is entitled to at least $100,000 in statutory damages. Thus, the alleged damages of even one of the Plaintiffs exceeds the $75,000 amount in controversy threshold.

7. Plaintiffs also assert they are entitled to treble damages (capped under the CPA at $25,000, RCW 19.86.090) and attorneys' fees, which further increases the amount in controversy. Compl. ¶ 120. Attorneys' fees are properly included when determining the amount in controversy. *Fritsch v. Swift Transp. Co. of Ariz.,* LLC, 899 F.3d 785, 794 (9th Cir. 2018). Considering these amounts, in addition to the named Plaintiffs' claims, the amount in controversy easily exceeds the $75,000 threshold.

### III.   CAFA JURISDICTION

8. This lawsuit is a putative class action. Compl. ¶ 96. As a separate and independent basis for removal, jurisdiction is also proper under the Class Action Fairness Act because: (i) diversity of citizenship exists between at least one putative class member and the defendant; (ii) the aggregate number of putative class members in the proposed class is 100 or greater; and (iii) the Complaint places in controversy more than $5 million, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2), (d)(5)(b), 1453.

9. CAFA's diversity requirement is met if the parties are "minimally diverse" meaning "any member of a class of plaintiffs is a citizen of a State different from any defendant." *See* 28 U.S.C. § 1332(d)(2). Plaintiffs are Washington residents. Compl ¶¶ 8-9. LaserAway is a California corporation with its principal place of business in California. Compl. ¶ 10. Thus, at least one

NOTICE OF REMOVAL – 3
(No. 2:24-cv-759)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

plaintiff is a citizen of a different state from LaserAway and CAFA's minimal diversity requirement is met.

10. To establish jurisdiction under CAFA, the putative class action must have at least 100 members. 28 U.S.C. § 1332(d)(5)(b). Plaintiffs assert that the putative class has "more than 1,000 members." Compl. ¶ 97. By Plaintiffs' own allegations, the 100-plus member element is met.

11. For removal pursuant to CAFA, the amount in controversy must also exceed "the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). Where a class action Complaint does not expressly allege that more than $5 million is in controversy, a defendant's notice of removal requires only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). The allegations in the removing defendant's notice of removal may rely on "a chain of reasoning that includes assumptions" and "an assumption may be reasonable if it is founded on the allegations of the complaint." *Carlson v. Swift Transp. Co. of Arizona, LLC*, No. 3:23-CV-05722-RJB, 2023 WL 6633858, at *4 (W.D. Wash. Oct. 12, 2023) (quoting *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019)). The notice of removal "need not contain evidentiary submissions." *Fritsch*, 899 F.3d at 794.

12. Here, the amount in controversy plainly exceeds $5,000,000. Plaintiffs assert that statutory damages accrue for each email sent in alleged violation of CEMA. Compl. ¶ 120. Plaintiffs assert that their claims are typical of the claims of the class, and that they have each received more than 200 allegedly misleading emails. Compl. ¶¶ 80, 89, 99. And Plaintiffs assert that there are more than 1,000 members of the class. Compl. ¶ 97. Under Plaintiffs' theory, 200 marketing emails for 1,000 class members at $500 per marketing email would amount to statutory damages well in excess of CAFA's jurisdictional requirement. Again, LaserAway disputes that Plaintiffs are entitled to any relief and outlines these numbers solely for purposes of establishing that the amount in controversy meets CAFA's jurisdictional requirement. Plaintiffs also seek treble

NOTICE OF REMOVAL – 4
(No. 2:24-cv-759)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

damages (up to the statutory cap) as well as attorneys' fees and costs, which further increases the amount in controversy above the threshold. Compl. ¶ 120.

13. CAFA's "home state" and "local controversy" exceptions do not apply here. *See* 28 U.S.C. 1332(d)(4). Sections 1332(d)(4)(A) and 1332(d)(4)(B) require a federal court to decline jurisdiction over a putative class action where a defendant is a citizen of the state where the action was originally filed. But LaserAway is not a citizen of the State of Washington, where the action was filed, so neither exception applies.

### IV.  NOTICE

14. Pursuant to 28 U.S.C. § 1446(d), LaserAway will promptly serve on Plaintiffs and file with the state court in which the action is pending a copy of this Notice of Removal.

### V.  CONCLUSION

15. Although LaserAway denies Plaintiffs' factual allegations and denies that they or the putative class they seek to represent are entitled to any of the relief sought in the Complaint, the allegations in the Complaint plainly establish federal court jurisdiction under both diversity jurisdiction and CAFA's $5 million in controversy rule for class actions. To the extent a challenge is raised to the Court's jurisdiction, LaserAway requests the opportunity to conduct jurisdictional discovery and to provide additional evidence in support of its position that this case is subject to removal.

NOTICE OF REMOVAL – 5
(No. 2:24-cv-759)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Dated: May 31, 2024

By: s/ *Kathleen M. O'Sullivan*

By: s/ *Thomas J. Tobin*

Kathleen M. O'Sullivan, WSBA No. 27850
Thomas J. Tobin, WSBA No. 55189
Alexander J. Bau, WSBA No. 58745**
**(admission pending)
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
KOSullivan@perkinscoie.com
TTobin@perkinscoie.com
ABau@perkinscoie.com

*Attorneys for Defendant*
*LaserAway Medical Group, Inc.*

NOTICE OF REMOVAL – 6
(No. 2:24-cv-759)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

# CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF e-filing system which will send notification of such filing to the persons listed below.

TERRELL MARSHALL LAW GROUP PLLC

Beth E. Terrell, WSBA No. 26759
bterrell@terrellmarshall.com
Jennifer Rust Murray, WSBA #36983
jmurray@terrellmarshall.com
Blythe H. Chandler, WSBA #43387
bchandler@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603

BERGER MONTAGUE PC

Sophia M. Rios
srios@bm.net
8241½ La Mesa Blvd
La Mesa, California 91942
Telephone: (619) 489-0300

E. Michelle Drake
emdrake@bm.net
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Telephone: (612) 594-5933

☐ via hand delivery

☐ via first class mail

■ via email

■ CM/ECF E-Service

*Attorneys for Plaintiffs*

Dated: May 31, 2024 at Seattle, Washington

*s/ Kathleen M. O'Sullivan*

CERTIFICATE OF SERVICE
(No. 2:24-cv-759)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000