UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRACEY LIU and ANGELA NEFF,<br><br>Plaintiffs,<br><br>v.<br><br>LASERAWAY MEDICAL GROUP, INC.,<br><br>Defendant. | Case No. C24-759RSM<br><br>ORDER GRANTING MOTION TO COMPEL ARBITRATION |

This matter comes before the Court on Defendant LaserAway Medical Group, Inc. ("LaserAway")'s Motion to Compel Arbitration, Dkt. #17-1. The Court has reviewed the Motion, as well as a response and reply, Dkts. #29 and #33, and determines that it can rule without the need of oral argument. LaserAway presents adequate evidence that Plaintiffs Tracey Liu and Angela Neff agreed to binding arbitration in 2022. *See* Dkt. #17-1 at 8–12 (citing Dkt. #16). Ms. Liu signed consent forms in advance of receiving treatment from Defendant; one of the forms was conspicuously titled "Arbitration Agreement." Dkt. #16 at ¶¶ 4–5 and Ex. A. Ms. Neff agreed to arbitration when she signed up for promotional emails offered by a third-party company called Quickly. *Id*. at ¶¶ 6–9 and Exs. B–D. For Ms. Neff, the arbitration agreements were buried

ORDER GRANTING MOTION TO COMPEL ARBITRATION - 1

deeper. When she entered her email address and clicked "I want in," she hopefully read the text below stating "[b]y continuing you agree to Quikly's Privacy Policy, Rules, and to receive emails from LaserAway." *Id*. at ¶ 10. "Rules" was a blue hyperlink going to terms and conditions including arbitration.

In Response, Plaintiffs argue that they did not receive reasonable notice of the arbitration agreements and that such agreements were substantively and procedurally unconscionable. *See* Dkt. #29.

"The [Federal Arbitration Act ("FAA")] provides that any arbitration agreement within its scope 'shall be valid, irrevocable, and enforceable,' and permits a party 'aggrieved by the alleged refusal of another to arbitrate' to petition any federal district court for an order compelling arbitration in the manner provided for in the agreement." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (citations and ellipses omitted). "The FAA requires federal district courts to stay judicial proceedings and compel arbitration of claims covered by a written and enforceable arbitration agreement." *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014) (internal citation omitted); *Chiron*, 207 F.3d at 1130 ("[T]he Act 'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'") (citation omitted). "The FAA limits the district court's role to determining whether a valid arbitration agreement exists, and whether the agreement encompasses the disputes at issue." *Nguyen*, 763 F.3d at 1175 (citing *Chiron*, 207 F.3d at 1130). To determine "whether a valid arbitration agreement exists, federal courts 'apply ordinary state-law principles that govern the formation of contracts.'" *Id*. (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944, 115 S. Ct. 1920, 131 L. Ed. 2d 985 (1995)).

ORDER GRANTING MOTION TO COMPEL ARBITRATION - 2

Notwithstanding the language of Section 3 of the FAA, a court "may either stay the action or dismiss it outright [if] the court determines that all of the claims raised in the action are subject to arbitration." *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014).

The parties both cite to *Oberstein v. Live Nation Ent., Inc.*, 60 F.4th 505 (9th Cir. 2023) as a case on point. Examining similar facts, the Ninth Circuit held that "an enforceable agreement may be found where (1) the website provides reasonably conspicuous notice of the terms to which the consumer will be bound; and (2) the consumer takes some action, such as clicking a button or checking a box, that unambiguously manifests his or her assent to those terms." 60 F.4th at 515. To satisfy the first part of the test, "a notice must be displayed in a font size and format such that the court can fairly assume that a reasonably prudent Internet user would have seen it." *Id*. The Ninth Circuit looks to "the conspicuousness and placement of the 'Terms of Use' hyperlink, other notices given to users of the terms of use, and the website's general design." *Id*. The second part of the test—whether the user takes some action that unambiguously manifests assent—is "relatively straightforward." *Id*. "A user's click of a button can be construed as an unambiguous manifestation of assent only if the user is explicitly advised that the act of clicking will constitute assent to the terms and conditions of an agreement." *Id.*

Procedural unconscionability is "the lack of a meaningful choice, considering all the circumstances surrounding the transaction including '[t]he manner in which the contract was entered,' whether each party had 'a reasonable opportunity to understand the terms of the contract,' and whether 'the important terms [were] hidden in a maze of fine print.'" *Nelson v. McGoldrick*, 127 Wn.2d 124, 131, 896 P.2d 1258 (1995). An agreement is substantively unconscionable if it is "one-sided or overly harsh." *Id*. A provision may be substantively unconscionable if it voids, either explicitly or in effect, a consumer's statutory rights or remedies

ORDER GRANTING MOTION TO COMPEL ARBITRATION - 3

under Washington law. *See, e.g., Hill v. Garda CL Nw., Inc.*, 179 Wn.2d 47, 55, 308 P.3d 635, 639 (2013).

The Court has reviewed the briefing of the parties, the agreements at issue, and the submitted evidence as to contract formation. Taking all of this into consideration with the above law, the Court finds that LaserAway has met its burden to sufficiently demonstrate contract formation so as to warrant granting the requested relief. Furthermore, Plaintiffs have failed to demonstrate either procedural or substantive unconscionability as to the agreements to arbitrate. The parties disagree about whether Washington, Michigan, or California law applies to this case, but under the laws of any of these states the requested relief is warranted.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendant LaserAway's Motion to Compel Individual Arbitration, Dkt. #17-1, is GRANTED. This case is STAYED pending the outcome of arbitration. The parties are DIRECTED to provide a joint status update to the Court within six months of the date of this Order, or immediately upon resolution of arbitration.

DATED this 30th day of December, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO COMPEL ARBITRATION - 4